IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD H. MESSINGER, | ) | CASE NO. 1:06MC00121 |
| | ) | |
| Plaintiff, | ) | (BANKRUPTCY CASE NO. 04-25219 |
| | ) | ADVERSARY NO. 06-01956) |
| v. | ) | |
| | ) | JUDGE SARA LIOI |
| CHUBB GROUP OF INSURANCE | ) | |
| COMPANIES, et al., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

This case is before the Court on Defendants' Motion to Withdraw the Reference of This Adversary Proceeding to Bankruptcy Court (Doc. 1) and the Response in Opposition filed by Plaintiff Messinger, the SIPA Trustee (Doc. 2). For the reasons explained below, Defendants' Motion hereby is **GRANTED**.

Donald Messinger, in his capacity as Securities Investor Protection Act ("SIPA") Trustee for the liquidation of the business of NEBS Financial Services, filed this adversary action in the Bankruptcy Court alleging three counts: breach of contract, breach of fiduciary duty and declaratory relief, all arising out of an insurance coverage dispute with Defendants. Defendants Chubb Group of Insurance Companies, Federal Insurance Company and Chubb & Sons (hereinafter "Defendants" or "Chubb Group") answered that complaint and then moved this Court to withdraw reference of this matter from the Bankruptcy Court. Messinger has responded to the motion to withdraw reference.

In the time since the issues were joined on the motion to withdraw reference, the Bankruptcy Court has issued a decision stating that the underlying adversary proceeding is a

non-core proceeding, as that term is understood in 28 U.S.C. § 157(b). That finding is helpful to this Court in its decision on this motion, although it is not dispositive of the question whether its reference to the Bankruptcy Court here should be withdrawn.

The decision whether to withdraw reference to the bankruptcy court rests squarely with the district court. In the absence of a determination that resolution of a proceeding requires consideration of both title 11 and other federal law regulating organizations or activities that affect interstate commerce (in which case withdrawal is mandatory), withdrawal of reference to the bankruptcy court is discretionary. 28 U.S.C. § 157(d). "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.* Here, no party has alleged any of the factors requiring mandatory withdrawal. Withdrawal of this matter therefore is discretionary with this Court and dependent on whether cause for that withdrawal is shown.

Section 157 does not identify what constitutes cause to support the withdrawal of a reference to the bankruptcy court. The Sixth Circuit has not squarely addressed this issue. The law of other circuits, however, provides this Court with a reasonable framework on which to base its decision.

A court considering a § 157(d) motion for withdrawal of reference should consider numerous factors, including: whether the proceeding is core or non-core to the bankruptcy court's jurisdiction; whether it is legal or equitable in nature; the efficient use of judicial resources; prevention of forum shopping; and the effect of the ruling on uniformity in administering bankruptcy law. *See In re: Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *see also In re: Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002); *In re: Velocita Corp.*, 169 F. App'x. 712, 716 (3d Cir. 2006).

Here, the Bankruptcy Court issued a Memorandum of Opinion and an Order on January 23, 2007, stating that the adversary proceeding is not a core proceeding under 28 U.S.C. § 157(b). The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference. *See* 28 U.S.C. § 157(b)(3).

"[W]hether a proceeding is core or non-core is 'the most important' factor in deciding a motion to withdraw reference." *Nat'l Century Fin. Ent., Inc., v. Great Am. Ins. Co.*, Case No. 2:04CV0908, 2005 U.S. Dist. LEXIS 13379 at *4-*5 (S.D. Ohio Jul. 5, 2005) (citations omitted). If a proceeding is a non-core proceeding, the bankruptcy judge cannot enter a final judgment in the proceeding without the consent of all parties, which consent the Chubb Group here has specifically withheld. *See* BR 7012; *see also* Motion to Withdraw at 2-3. Requiring the bankruptcy court to go forward with deciding a non-core proceeding, when the district court very easily may have to review that decision *de novo*, has substantial implications for another important factor, the efficient use of judicial resources. Further, it makes more sense for a court of broader jurisdiction to consider the potentially broad range of legal issues present in a non-core proceeding.

Here, this Court is convinced that the Bankruptcy Court correctly identified this adversary proceeding as a non-core proceeding. The legal issues – breach of contract, breach of fiduciary duty and requested declaratory relief concerning the rights and duties of the parties under the Broker's Fidelity Bond – all arise out of an insurance coverage dispute between Messinger and the Chubb Group, which will require the consideration of numerous issues of substantive insurance law. These issues are outside the bankruptcy court's primary area of expertise. Further, the determination of Messinger's claims has no discernible relationship to the

resolution of the bankruptcy proceeding. The question of whether there is coverage under the relevant insurance policy does not depend on the outcome of the bankruptcy proceeding, nor do the merits of the bankruptcy proceeding depend on whether there is coverage under the relevant insurance policy.

The adversary proceeding is legal, rather than equitable, in nature; it is based on state law claims for breach of contract, breach of fiduciary duty and it seeks a declaration of the parties' rights under the Broker's Fidelity Bond as it relates to the insurance contract at issue. Such an action, seeking to adjudicate primarily private causes of action, is distinct from the restructuring of debtor-creditor relations, which forms the heart of the federal bankruptcy court's jurisdiction. *See Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72 (1982).

As discussed above, the efficient use of judicial resources militates in favor of the District Court deciding this adversary proceeding. The court deciding this adversary proceeding will be faced with issues of contract interpretation, insurance law and federal declaratory judgment standards.  While these issues certainly are not outside the scope of what a bankruptcy court can do, they equally are not within the specialized grant of jurisdiction to the bankruptcy court, and that distinction guides this Court to favor withdrawal. *See, e.g., MQVP, Inc., v. Keystone Automotive Ind., Inc.*, Civil No. 07-10248, Case No. 06-51141, Adv. Case No. 06-05746, 2007 U.S. Dist. LEXIS 9385 *4-*5 (E.D. Mich. Feb. 7, 2007). There should be no meaningful duplication of effort with respect to the bankruptcy proceeding, as the issues of fact and law – as well as the parties involved – will be, for the most part, different.

Likewise, there would be no particular economy to these parties from going forward in this adversarial proceeding in the Bankruptcy Court. The Defendants are not parties to the underlying bankruptcy proceeding, and the issues are sufficiently different from the issues in the

bankruptcy proceeding that they would have to be addressed separately in whatever forum the parties to the adversary proceeding found themselves.

Considerations of forum shopping do not enter into the equation in this case; there is no reason to believe that either party to this adversary proceeding is any more likely to receive a favorable decision from the District Court than from the Bankruptcy Court. In any event, as noted previously, since this issue involves a non-core proceeding, the District Court would be required to review the report and recommendation of the Bankruptcy Court *de novo*. Forum shopping simply is not an issue in this case.

Finally, withdrawing the reference of the adversary proceeding from the Bankruptcy Court will have no discernible effect on desired uniformity in the administration of bankruptcy law. Because the legal issues in this adversary proceeding are not issues of bankruptcy law – or even closely related to bankruptcy law – the resolution the District Court reaches as to them should not affect the uniform administration of bankruptcy law.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Withdraw Reference and hereby **ORDERS** that the reference to adversary proceeding 06-01956 be withdrawn from the Bankruptcy Court and immediately transferred to the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157 and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED**.

Date:   May 16, 2007                             *s/ Sara Lioi*
                                                 **HON. SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**